**Louis Vernon CAWLEY, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

No. 15862.

United States Court of Appeals
Fifth Circuit.

April 12, 1956.

Rehearing Denied May 21, 1956.

Gene Maddin, C. S. Farmer, Waco, Tex., for appellant.

Russell B. Wine, U. S. Atty., Harman Parrott, Asst. U. S. Atty., San Antonio, Tex., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and CAMERON, Circuit Judges.

PER CURIAM.

This is an appeal from a conviction in the trial court on a narcotic indictment in five counts. The sole error relied on by the appellant is the refusal of the trial court to give two charges which were in substance that if any of the witnesses had exhibited prejudice or bias and the jury was satisfied that they had not testified truthfully in the case, they should disregard the testimony, and if it was necessary to convict the defendant, they should acquit him.

In support of his claim that it was error not to give these charges, appellant relies on our case of Pinkerton v. United States, 5 Cir., 145 F.2d 252, where the court held that charges, which were substantially the same as those presented by appellant here, were good. The court in that case, however, did not reverse for the failure to give them, and the opinion does not show why the charges were necessary or proper.

The appellee urges upon us that the charge which the court gave to the jury amply covered the instructions requested by the appellant. It cites cases, including Siglar v. United States, 5 Cir., 208 F.2d 865 and Jencks v. United States, 5 Cir., 226 F.2d 540, and others, holding that the submission of a charge covering the credibility of witnesses and the form of the instruction are matters that rest in the wise discretion of the trial court, and that a reversal will not be made in the absence of a showing of an abuse of this discretion.

We agree with appellee. In this case the appellant does not point to any particular witness's testimony which required his requested charges, nor to any evidence that any witness had any prejudice. In addition, the charge given by the court was lengthy and complete, and if, as we do not believe, the requested charges would have been proper if given, there is certainly on this record no evidence to show that the failure to give them was prejudicial.

The judgment was right. It is affirmed.