Louis Vernon CAWLEY, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17318.

United States Court of Appeals Fifth Circuit.

Dec. 5, 1958.

Louis Vernon Cawley, in pro. per.

John E. Banks, Asst. U. S. Atty., Russell B. Wine, U. S. Atty., San Antonio, Tex., for appellee.

Before HUTCHESON, Chief Judge, and CAMERON and BROWN, Circuit Judges.

PER CURIAM.

This is appellant's third appearance here. Convicted and sentenced in October, 1955, on an indictment in seven counts, charging a conspiracy to violate, and violations of, the Narcotics Laws of the United States, and sentenced to serve ten years in all, the defendant Cawley appealed, and the judgment was affirmed. Cawley v. United States, 5 Cir., 231 F.2d 650, 651.

Thereafter, he filed a motion under Section 2255, Title 28 U.S.C.A., to correct the conviction and judgment, alleging as grounds, among others, that the judgment wrongly imposed consecutive sentences on the conspiracy count and a substantive count. The district judge denied the motion as without merit, and the order denying it was appealed to this court and here affirmed on January 20, 1958. Cawley v. United States, 5 Cir., 251 F.2d 461.

On March 20, 1958, he filed another motion under Sec. 2255, this time alleging as a sole ground that it was error to impose consecutive sentences on the conspiracy count and a substantive count, a matter already determined against him in Cawley v. United States, supra. Though the district judge, since the motion stated no new ground, was not called upon to do so, he nevertheless considered the motion and denied it, and from this order the movant brings this appeal.

Putting to one side that in addition to his conviction on the conspiracy count, defendant was convicted not on one but on four substantive counts, each involving a different transaction, and that, if the court had not imposed concurrent sentences on most of them, movant's sentence would have been greatly in excess of that which was actually imposed, it is sufficient to say that it is quite clear that, as pointed out in his previous appeal from a similar motion, the claim he makes is wholly without merit and that, under the express provision of Section 2255, invoked by him, such repetitious claims may not be asserted.

The judgment is affirmed.