## FIRE ASS'N OF PHILADELPHIA et al. v. WEATHERED.

### No. 6639.

Circuit Court of Appeals, Fifth Circuit.

Dec. 8, 1932.

Rehearing Denied Jan. 10, 1932.

Will C. Thompson and Robert Lee Guthrie, both of Dallas, Tex., for appellants.

W. L. Eason and W. V. Dunnam, both of Waco, Tex., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

This is an appeal from a judgment rendered in favor of the assured in a consolidated action on two fire insurance policies. The only question is whether the dwelling which was insured was vacant for a period of ten days before the fire. If it was vacant during that period, each policy by its terms became void; but if it was not, the judgment is unassailable. On a former trial the only testimony to the effect that the dwelling was occupied was given by Sonny Mosely; other witnesses who lived nearby testified that, during the period of time involved, they did not see any one in the house, or any lights at night, or any other sign of occupancy. A judgment based on a directed verdict for the assured was reversed, it being the opinion of this court that the case was one for the jury. 54 F.(2d) 779. On the trial from which this appeal is taken the assured corroborated Mosely's testimony, and the case was submit-

ted to the jury who found for the assured upon evidence which, if believed, was sufficient to sustain their verdict. The fire occurred on October 17, 1930, and the assured and Mosely both testified that the house had been occupied by the latter less than ten days before. The assignments of error are based entirely upon rulings of the district judge, who sustained objections to questions asked Mosely on cross-examination seeking an admission from him that he had been convicted in 1884 of the theft of a horse, in 1895 of receiving stolen goods, and in 1903 of the theft of a horse and a mule; and who also sustained objections to the receipt in evidence of the records of such convictions. The ground of these challenged rulings was that the felonies of which Mosely had been convicted were too remote in time to affect his credibility.

It is well settled that the prior commission of a felony by a witness may be proved for the effect it may have upon his credibility, and that record proof is unnecessary where such witness on cross-examination admits the fact of his conviction. But with the lapse of time proof of this kind becomes more and more unsatisfactory and unreliable until at last it becomes wholly immaterial. The length of time that should elapse before a conviction for felony ceases to have any probative value cannot be fixed by the law, but must be left to the sound discretion of the trial court. Teese v. Huntingdon, 23 How. 2, 14, 16 L. Ed. 479; 1 Greenleaf (16th Ed.) 585; 28 R. C. L. 627. The trial occurred nearly 50 years after the date of Mosely's first conviction, nearly 30 years after the date of his last conviction; and appellants were unable to show that in more recent years his general reputation for truth and veracity was bad. Upon the record as made we are of opinion that we would not be justified in holding that the trial judge abused his discretion in rejecting the character evidence which appellants sought to introduce.

The judgment is affirmed.