### GODDARD v. UNITED STATES.

No. 10366.

Circuit Court of Appeals, Fifth Circuit.

Nov. 3, 1942.

### TAGGART'S ESTATE v. COMMISSIONER OF INTERNAL REVENUE.

No. 8019.

Circuit Court of Appeals, Third Circuit.

Argued July 10, 1942.

Decided Oct. 31, 1942.

Before MARIS, JONES, and GOODRICH, Circuit Judges.

Clint W. Hager, of Atlanta, Ga., and J. M. Johnson, of Gainesville, Ga., for appellant.

T. Reese Watkins, Asst. U. S. Atty., of Macon, Ga., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

Clifford Goddard was convicted on six counts of an indictment charging violations of the revenue laws relating to intoxicating liquor. Upon this appeal from that judgment, he contends that the evidence against him was insufficient to support the verdict of the jury, and that the court below committed reversible error in two of its rulings upon the admissibility of evidence.

Two witnesses testified that Goddard had approached them with a proposal to locate an illicit distillery on their property; that they had seen him assisting in the construction of the still, and, on several occasions, in hauling supplies that were used at the still in the manufacture of whiskey. Further, they testified that he had arranged for living accommodations for the man who operated the still. This testimony linked the appellant with every phase of the unlawful enterprise, and, being accorded credibility by the jury, justified the verdict upon each count.

During the trial of the case one of the Government's witnesses testified that he had consulted an attorney in order to ascertain the legal consequences of certain contemplated conduct. The witness declined to divulge the identity of the attorney, and the court upheld his right to do so on the ground that to answer would violate the privilege as to communications between attorney and client. This was error, for the privilege claimed extended only to the communications made in the attorney-client relationship, not to the fact that such a relationship existed;[1] but it does not appear that the error resulted in harm or prejudice to appellant, and is not ground for reversal. The matter to which the excluded testimony related was wholly irrelevant and immaterial to the issues before the jury, and could not reasonably have affected the verdict.

Finally, it is claimed that the court erred in requiring the witness Frank Worley to answer a question, upon cross-examination, as to his conviction twelve years before for a felony committed when he was fifteen years old. It is well settled that such evidence is admissible for purposes of impeachment, and whether circumstance of the conviction was such that the fact ceased to have probative value was a question addressed to the sound discretion of the trial court.[2] That discretion was not abused by the admission of this evidence.

The record contains no reversible error, and the judgment is affirmed.

[1] Chirac v. Reinicker, 11 Wheat. 280, 24 U.S. 280, 6 L.Ed. 474.

[2] Fire Association of Philadelphia v. Weathered, 5 Cir., 62 F.2d 78, and authorities there cited.