### SINCLAIR REFINING CO. v. SOUTHERN COAST CORP.

#### No. 13706.

United States Court of Appeals, Fifth Circuit.

April 5, 1952.

Rehearing Denied May 8, 1952.

pany, which issue was sought to be raised by appellee by an amendment to its pleadings. On remand, the amendment was made, a second trial was had, and the court submitted the following special issues to a jury with the result stated:

"Question No. 1: Do you find from a preponderance of the evidence that Sinclair Prairie Oil Company was a reputable, responsible, and then existing gas pipe line distributing company during the last three (3) months of the year 1945? Answer 'Yes' or 'No.'

"Answer: Yes.

"Question No. 2: Do you find from a preponderance of the evidence that the plaintiff waived any right it might have had of refusal to sell gas to defendant on the same terms that defendant contemplated buying from Sinclair Prairie Oil Company? Answer 'Yes' or 'No.'

"Answer: No.

"Question No. 3: Do you find from a preponderance of the evidence that the plaintiff is estopped from asserting that Sinclair Prairie Oil Company was a reputable, responsible, and then existing gas pipe line distributing company? Answer 'Yes' or 'No.'

"Answer: No.

"Question No. 4: What amount of damages, if any, do you find from a preponderance of the evidence plaintiff has sustained by reason of the failure of defendant to take gas from plaintiff during the period of December 31, 1945, through December 31, 1951? Answer in dollars and cents.

"Answer: $92,664.00." (R. 663, 664.)

Carlisle Cravens, Sloan Blair, Ft. Worth, Tex., Allen V. Davis, Corpus Christi, Tex., for appellant.

J. Hart Willis, William A. Rembert, Jr., Dallas, Tex., Harvie Branscomb, Jr., Corpus Christi, Tex., for appellee.

Before HOLMES, RUSSELL, and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

This is the second appeal of this case; our former opinion is reported in 181 F. 2d 960. On the first appeal, the cause was remanded for determination of the issue of fact as to whether the Sinclair Prairie Oil & Gas Company (not a party litigant) was in fact a gas pipe line distributing com-

The prolixity of the pleadings in this case makes it almost impossible for this court to extract the issues from the plaintiff's complaint, first amended complaint, second amended complaint, first supplemental complaint, third amended original complaint, Exhibits A, B, C, D, E, F, G thereto, and defendant's answer to plaintiff's third amended original complaint, which was filed subject to its motion to strike portions of the complaint; but, on the second trial, in appellant's statement of the case to the

jury, it was admitted that the contract sued on consisted of three letters between the appellee and the Terminal Refining Company, the liabilities and obligations of which were assumed by appellant when it bought the assets of said Terminal Company. In this statement to the jury, it was further admitted that this contract gave appellee the right to have submitted to it a bid from a company of the kind described in the contract, that is, a gas pipe line distributing company, competing in business with the Southern Coast Corporation; but the appellant denied that the Sinclair Prairie Oil Company was or had been a gas pipe line distributing company within the legal terminology of the contract. Appellant contended that, while it had the necessary gathering lines to take wet gas from its wells in the field to its plant to be processed into gasoline, and a residue line to carry the dry gas back to the edge of its leases, this gathering system and residue line were necessarily incidental to the operation of its production plant and facilities, although there were lines of pipe, one after another, ranging in size from 9 inches to 3½ feet.

The issue for the jury, as to liability, was whether this operation of the Sinclair Prairie Company constituted engaging in the business of a gas pipe distributing company under the terms of the contract as contemplated by the parties. Did the sale of gas to the Columbian Carbon Corporation, the Sinclair Refining Company, and other purchasers of gas, all delivered to the lines of the particular purchasers, constitute the Prairie Company a pipe line distributing company within the meaning of the contract that the appellant had assumed? According to appellant's contention, the Sinclair Prairie Company did not deliver or distribute that gas; the purchasers went after it, went to the fields of the seller and got it. Although on the prior appeal to this court the judgment was reversed and the cause remanded to allow an amendment and the introduction of evidence with reference to an alleged ambiguity in the contract, no such evidence was introduced after the amendment was made; but we cannot say that either party was to blame for this queer turn of events, and certainly the court committed no error in this regard.

 This is what happened on the trial after the case was remanded, and the plaintiff had filed its amendment: The plaintiff introduced its evidence and rested; the defendant rested without introducing any evidence. Both sides claimed that the contract was clear and free from ambiguity, and urged the court to instruct the jury to that effect, the appellant urging a peremptory instruction in its favor, which was denied. The court charged the jury that, under the terms of the contract, it should consider only the evidence submitted to it as to facts that existed or occurred during the last three months of 1945 and immediately prior thereto; that neither party claimed any ambiguity in the contract as to the meaning of the term "reputable, responsible, and then existing gas pipe line distributing company"; that both parties contended those words had well defined and commonly understood meanings in ordinary parlance, and neither party had offered any evidence of any special meaning, significance, or understanding, attaching to them in the trade. Therefore, the court said, it did not define those words, neither party having requested it to do so. In this connection, the court instructed the jury that the contract spoke for itself, and that the jury should disregard any evidence of statements, expressions of opinions, or oral understandings, prior to or contemporaneous with the execution of the contract, "since neither party claimed that there was anything ambiguous about the written contract." In these circumstances, we think it proper to say that the controversy between these litigants was fairly and impartially submitted to the jury.

Several of appellant's specifications of error relate to its contention that the trial court erred in denying its motion for an instructed verdict, and entering judgment for appellee, because (so appellant claims) the latter was estopped by the letter of September 25, 1945, and by an affidavit of S. C. Lewis, which related to the definition by the parties of a gas pipe line distribution company. We agree with appel-

lant that, where the plaintiff in effect pleads ambiguity, it is not necessary for the defendant to plead it; but, when the latter has denied the plea of ambiguity and has convinced the court that the contract was not ambiguous, we think that the trial court should not be put in error and a new trial granted in such circumstances. Neither the letter nor the affidavit, in our opinion, constituted a judicial admission that bound the appellee unalterably to the views therein expressed. As to the ninth specification of error, the trial court did not abuse its discretion in refusing to admit, for the purpose of impeachment, evidence of the conviction of a witness more than twenty years prior to the trial, the offense having been committed more than twenty-five years prior to such a trial, there being no evidence to show that during the intervening time the reputation of such witness for truth and veracity was bad. Fire Ass'n of Philadelphia v. Weathered, 5 Cir., 62 F.2d 78, 79.

Neither do we think that the trial court erred in charging the jury with respect to the measure of damages. After the most careful, diligent, and patient, consideration of the evidence and the appellant's eleven assignments of error in this case, we are of the opinion that justice has been done, and that the record contains no reversible error. The judgment appealed from is affirmed.

Affirmed.