**SIGLAR v. UNITED STATES.**
No. 14530.

United States Court of Appeals
Fifth Circuit.

Jan. 5, 1954.

Rehearing Denied Feb. 10, 1954.

William Hurwitz, Longview, Tex., for appellant.

Warren G. Moore, William M. Steger, U. S. Attys., Harlon E. Martin, Asst. U. S. Atty, Tyler, Tex., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

Charged with one Cynthia Caraway in a two count indictment [1] with violation of Sec. 2591(a) and Sec. 2593(a), subchapter C, Marihuana, 26 U.S.C.A., and found guilty and sentenced on both counts, defendant Lee Siglar appealed.

Here, presenting fourteen specifications of error, and dealing with them in his brief under points numbered one to eight, appellant insists, under point five, that the judgment must be reversed and the cause remanded with instructions to dismiss or quash the indictment.

In the alternative, he insists, under the other points, that it must be retried and the cause remanded for trial anew.

Of point five we think it sufficient, without encumbering this opinion with

---

1. Count one charged the unlawful transfer of two marihuana cigarettes not in pursuance of a written order for them; Count two charged their unlawful acquisition without having paid the transfer tax.

setting it out, to say: that, though the defendant flatly denied his guilt and vigorously attacked the credibility of the informer witness, who testified against him, there is sufficient direct and positive evidence in the record, that the defendant did the things he is charged with doing, to fully support the verdict; and that the record standing thus, the court could not with propriety have granted defendant's motion for acquittal.

■ Proceeding next to the points on which appellant relies for reversal, we begin with point one, on which appellant bears down heavily. This point assigns error on the refusal of appellant's requested charge "that the testimony of a paid informer should be examined with greater than ordinary scrutiny". We reject the claim of error here made on the ground that the giving or refusal of such a charge is ordinarily within the discretion of the district judge,[2] and its refusal will not be held to be error in the absence of a showing, not made here, that it has been abused. When the charge as a whole, particularly the charge as to the informer Lawson's credibility, is considered in the light of the record made, we think it plain that the refusal of the charge was not error, prejudicial to appellant.

Point two claims prejudicial error in refusing to grant defendant's motion, first for mistrial, and later for a new trial, because of the Johnny Hinton episode. We think this claim is not supported by the record. In the first place, considering the evidence dealing with this matter as a whole, we do not think that prejudice to the defendant could have arisen out of it, even if the court had not dealt with it in his instructions to the jury. In the second place, if the matter could be regarded as having had a tendency to cause prejudice to the defendant, the error was cured, its prejudice obviated by the careful instruction of the district judge.

■ The same thing may be said of the matters complained of under appellant's point four, the admission into evidence of defendant Caraway's statement made, and of conversations had, out of the presence of the defendant, Siglar. This is so because in addition to the fact that the statement of defendant Caraway and the testimony of conversations had outside of Siglar's presence were admissible against Caraway who was jointly charged and jointly tried with him, the court upon defendant's objection and at defendant's request effectively limited the receipt of the evidence as to defendant Caraway by expressly and carefully instructing the jury that they could not and should not consider it as against Siglar.

■ While we agree with appellant that in trying the defendants together, the government, in the circumstances of the case, obtained an advantage, the record shows no objection made to a joint trial, nor any reason why, if a motion for severance had been made, the defendant Siglar would have been entitled as a matter of right to have had it granted.

■ In his argument under his point three, that the court erred in refusing to give the written requested instruction on entrapment submitted by the defendant, appellant, assailing the court's action as highly prejudicial, insists that it deprived him of a defense which was available to him. We do not think so. While the requested charge was properly phrased and, if the evidence raised the issue of entrapment, should have been given, we think it entirely clear that it did not do so, and that on the record made below, the requested charge had no place[3] in this case.

Appellant's reliance on Cratty v. United States, [82 U.S.App.D.C. 236, 163 F.2d 851], will not at all do. It is authority against, rather than for, him.

2. Pine v. United States, 5 Cir., 135 F.2d 353.
3. Bloch v. U. S., 5 Cir., 158 F.2d 519; Cratty v. United States, 82 U.S.App.D.C. 236, 163 F.2d 844; U. S. v. Ginsburg, 7 Cir., 96 F.2d 882; United States v. Sherman, 2 Cir., 200 F.2d 880; United States v. Kaiser, 7 Cir., 138 F.2d 219.

There Cratty, as Siglar did here, "based his whole defense upon the assertion that he did not commit the acts with which he was charged." There, stating that Cratty was precluded from complaining that the court erred in failing to direct a verdict as to him, the court went on to say, "Moreover, he was not harmed. The jury concluded that the defense of entrapment had not been made out for Pullman. It must properly have reached the same conclusion as to Cratty had the defense of entrapment been submitted with respect to him." Throughout the case and until the requested charge was presented, Siglar, in his own testimony and by his examination of the other witnesses, took the flat position from which he never budged: that he did not commit the offense, and that none of the things he was charged with doing had been done by him. At no time, by his testimony or by that of any witness, did he put forward in confession and avoidance the defense of entrapment which he now claims he should have had submitted to the jury. The court properly concluded that there was no evidence as to him which would permit the submission of the defense. Cf. United States v. Sherman, 2 Cir., 200 F.2d 880.

■ Of point six, which claims that the court erred in refusing to permit the defendant to cross examine his co-defendant, and that the court erred in singling out and tearing down in the presence of the jury the explanation of what occurred at the time of the alleged defense, it is sufficient to say that these matters of procedure present nothing of substance, the defendant Caraway had not testified against Siglar, and there was nothing to cross examine her on. The court did not prevent counsel from using her as his own witness. Indeed he told him if he wished to examine the defendant, he must make her his own witness. Nor is there any basis for the charge that the court's remarks and conduct in connection with the explanation of what occurred at the time of the alleged defense was beyond the province of the judge or did or could in anywise prejudice his defense.

■■ If, under point seven, appellant is claiming that a defendant who takes the stand may not be interrogated with regard to his previous convictions, we think all the cases negative it. If, as may be the case, the appellant, by this point is claiming that the inquiry about convictions was too remote in time, we think the claim falls under the rule obtaining in the federal courts, that, whether the inquiry should be permitted is within the sound discretion of the trial court.[4]

■ There remains for consideration only appellant's final point, that the district court erred, in granting the government's motion to vacate the sentence of and to resentence defendant Lee Siglar, and in resentencing him after he had perfected his appeal to this court.

Under this point, the defendant, relying upon the opinion of this court in Simmons v. United States, 5 Cir., 89 F.2d 591, in which it was held that after an appeal was perfected the district court was without jurisdiction to enter judgment reducing the sentence, insists that for a stronger reason the court could not vacate its former judgment and impose a heavier sentence.

The United States recognizes that when the duplicate notice of appeal and the statement of the docket entries are forwarded by the clerk of the district court to the appellate court, the trial court's jurisdiction with respect of the judgment from which such appeal has been prosecuted is suspended. It argues, though, that the record in this case does not definitely reflect that when the trial court vacated the original sentence this had occurred, and the trial court had lost jurisdiction. It insists, in the alternative, however, that since the sentence was less than the minimum prescribed by Title 26 U.S.C.A. § 2557(b), for a third or subsequent offense, the court's original sentence was illegal and if this court is of the opinion that the amended sen-

---

4. Fire Ins. Ass'n of Philadelphia v. Weathered, 5 Cir., 62 F.2d 78; Goddard v. United States, 5 Cir., 131 F.2d 220.

tence was entered without authority this court should, in its mandate, correct the original judgment by entering the sentence imposed by the court below, which is the minimum sentence required by § 2557(b), supra, or remand it to the trial court with directions to impose such sentence.

Under rule 37, Rules of Criminal Procedure, 18 U.S.C.A., it is provided that "An appeal permitted by law from a district court to the Supreme Court or to a court of appeals is taken by filing with the clerk of the district court a notice of appeal in duplicate. \* \* \* The duplicate notice of appeal and a statement of the docket entries shall be forwarded immediately by the clerk of the district court to the clerk of the appellate court." The record shows that the appeal was properly taken before the new sentence was imposed. When, therefore, the court undertook to set the former sentence aside and impose the corrected one, he was, because of the appeal, without jurisdiction to do so. Since, however, the defendant appealed from the judgment entered on the 9th day of April, 1953, vacating the former sentence and resentencing the defendant to imprisonment for a period of ten years on count one and ten years on count two, the sentences to be served concurrently, and to pay a fine of $100 on each of counts one and two, and the sentence thus appealed from is before us, we are of the opinion that without the necessity of remanding the case for a new sentence, we have the authority to adopt the less cumbersome procedure of correcting the sentence by our own mandate, as has been done in other cases.[5]

We, therefore, direct that the judgment, as originally entered, be amended in accordance with the amendment which the district judge endeavored, but for want of jurisdiction was unable, to make, and that the judgment, as amended, be

Affirmed.

5. Salazar v. United States, 8 Cir., 236 F. 541; Priori v. United States, 6 Cir., 6 F.2d 575; Jackson v. United States, 9 Cir., 102 F. 473; and Spirou v. United States, 2 Cir., 24 F.2d 793.