**ATLANTIC COAST LINE RAILROAD COMPANY, Appellant,**

v.

**John N. BENNETT, Appellee.**

**ATLANTIC COAST LINE RAILROAD COMPANY, Appellant,**

v.

**Wofford M. SHEALY, Appellee.**

Nos. 7506, 7507.

United States Court of Appeals Fourth Circuit.

Argued Nov. 13, 1957.

Decided Jan. 8, 1958.

935

936

Julius W. McKay and Douglas McKay, Columbia, S. C. (McKay, McKay, Black & Walker, Columbia, S. C., on brief), for appellant.

Benny R. Greer and James P. Mozingo, III, Darlington, S. C. (Archie L. Chandler, Darlington, S. C., on brief), for appellees.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and THOMSEN, District Judge.

SOPER, Circuit Judge.

John N. Bennett and Wofford M. Shealy were seriously injured on November 15, 1951, when a southbound Atlantic Coast Line train, on which they were traveling as railway mail clerks, ran into a northbound freight train which was pulling into a siding at Hortense, Georgia, and had not cleared the main line. The ac-cident was caused by the inexplicable conduct of the engineer in driving the passenger train at the rate of 82 miles per hour past three signals located at 3 miles, 1.79 miles and 1 mile, respectively, from the point of collision, which indicated that the train should slow down to 30 miles an hour and upon passing the third signal be prepared to stop. Disregarding all of these warnings, the passenger train went on, passed a stop signal at 69 miles an hour and plowed into the freight train. Since the engineer of the passenger train was killed and the fireman, who was severely injured, did not testify, the action of the trainmen remains unexplained.

The instant suits were brought by the plaintiffs to recover damages for the injuries sustained. The A. C. L. admitted liability for compensatory damages but denied the charge of gross or wilful negligence. The cases were submitted to a jury under an instruction of the judge that it was their duty under the law of South Carolina to bring in a verdict for both compensatory and punitive damages. The defendant excepted to the instruction with respect to punitive damages. The jury found a verdict for compensatory damages for Bennett in the sum of $45,-000 and for Shealy in the sum of $35,000, together with the additional sum of $10,-000 punitive damages in each case. The defendant filed motions for a new trial on the grounds that the verdicts were grossly excessive and based on prejudice, passion and conjecture and that the judge erroneously directed the jury to include an amount for punitive damages in their verdicts. These motions were overruled and the defendant appealed.

The original brief of the railroad company in this court was based primarily on the contention that the damages allowed were so excessive that it was an abuse of discretion on the part of the judge to dismiss the motions for a new trial. Turning first to a consideration of the compensatory damages allowed, we have reached the conclusion as to them in the light of the uncontradicted evi-

dence in each case that the contention of the defendant should not be sustained. Bennett suffered a loss of salary amounting to $4,370.00 in the course of one year and two days' absence from work as well as medical expenses in the sum of $3,853.21. He suffered a fracture of the left arm with a residual disability of 10 per cent in the flexibility of the left wrist, a diminution of sensation in the forearm and permanent scars resulting from surgical operations upon the broken bones He also suffered a fracture of the third and fourth lumbar vertebrae, which requires the wearing of an arm-chair back brace which is uncomfortable and of necessity ill fitted and is likely to cause an increased fibrosis of the back muscles, which will eventually cause a disability ranging from 50 to 100 per cent. He has been obliged to use up all of his sick leave and vacation time during the past years because of his injuries.

■ Shealy suffered a loss of salary during a period of six months amounting to $2,400.00, a loss of supplemental employment up to the time of the trial in tne amount of $4,000.00 and medical expenses in the amount of $587.00. He suffered a fracture of five ribs, a back injury which aggravated a latent arthritic condition and which is still painful, shock from a clear view of the approaching disaster, the development of a psycho-neurotic condition with predominant anxiety features, an inability to continue his former job which entailed loss of seniority and an assignment to less desirable employment. Considering the substantial character of the injuries of both men we are unable to conclude that there was any abuse of discretion in overruling the motions for a new trial.

■■ The defendant in its original brief did not renew its contention that the directed verdicts for punitive damages were erroneous. At the time of the trial in the District Court all of the participants assumed that the case was governed by the law of South Carolina, under which it is settled that when a plaintiff proves a wilful, wanton, reckless or a malicious violation of his rights, it is not only the right but the duty of the jury to award punitive damages. Sample v. Gulf Refining Co., 183 S.C. 399, 410, 191 S.E. 209, 214. Under that law the plaintiffs were entitled to directed verdicts for punitive damages. But the defendant in a supplemental brief now calls attention to the fact, totally disregarded at the trial, that the law of Georgia governs these cases since the accident took place in that state; and it is conceded that under the law of Georgia it is always a matter for the jury to decide whether punitive damages should be allowed. Kolodkin v. Griffin, 87 Ga.App. 725, 731, 732, 75 S.E.2d 197, 202. It follows that the charge of the trial court on this subject was erroneous and should not have been given.

The question therefore arises whether this new contention may be made for the first time in the appellate court. The plaintiffs first urge that the contention should not now be entertained because rule 10, paragraph 8, of the rules of this court, 28 U.S.C.A., provides that points not argued in the briefs will be deemed abandoned. It appears, however, that the new contention was raised in the supplemental brief of the appellant and that the appellees have filed answer thereto in a supplemental brief, so that a substantial compliance with the rule was had. Moreover, the rule contains the additional statement that the court in the interest of justice may notice plain error apparent in the record whether or not it has been argued in the briefs or made the subject of objection in the court below. In connection with this portion of the rule, however, we must consider Rule 51 of the Federal Rules of Civil Procedure, 28 U.S.C.A., since it bears directly on the question in making the following provision:

"* * * No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make

'the objection out of the hearing of the jury."

■ This rule was an established precept of civil procedure long prior to the promulgation of the new rules and has been followed generally in this and other Federal courts. It is a salutary provision designed to give fair notice to the trial judges of the precise nature of the objections to a charge, and it obviates a retrial of cases when by design or through sheer neglect the losing parties fail to raise points during the progress of the case in the trial court. See Ollie v. Security Mutual Underwriters, 4 Cir., 235 F.2d 932.

■ Sometimes, however, relief has been granted and new trials have been awarded on grounds not considered by the trial court when it was apparent that the case had been tried on the wrong theory, to which every participant in the trial court subscribed. We had occasion to follow this procedure in Finefrock v. Kenova Mine Car Co., 4 Cir., 22 F.2d 627, 634, where the character of a deed of trust was misconceived at the trial in the District Court. We said (at page 634):

"[5] We think that the proper action on this branch of the case is to remand it without final decision to the District Court for further proceedings, in which, if the parties desire it, the pleadings may be amended, additional evidence may be taken, and the defendants may have full opportunity to present their defense. There is abundant authority for the proposition that the appellate court has power, without determining and disposing of a case, to remand it to the lower court for further proceedings, if the case has been tried on a wrong theory, or the record is not in condition for the appellate court to decide the questions presented, with justice to all the parties concerned. (Citing authorities.)"

See also Jensen v. New York Life Ins. Co., 8 Cir., 50 F.2d 512, 515.

We think it would be unjust not to follow this course in the pending case. The defendant was no more in error than the plaintiffs in the application of the South Carolina rule rather than the Georgia rule with respect to the right to punitive damages; the amount of the punitive damages allowed by the jury was substantial; and it is impossible to say that it was not influenced by the binding instruction which, in the mistaken view of all of the parties to the case, the judge was obliged to give.

■ It has been suggested that since no error has been found in the amount of compensatory damages the judgments as to them should be affirmed and that the trials on remand should be limited to the question of punitive damages only, as to which the jury should be instructed that it is their duty to decide whether punitive damages should be allowed and, if so, the amount thereof. The propriety of directing a new trial to less than all of the issues of fact when they are separable has been recognized by the courts. Schuerholz v. Roach, 4 Cir., 58 F.2d 32; Southern Railway Co. v. Madden, 4 Cir., 235 F.2d 198. Not infrequently this procedure is adopted in the trial court when a motion for a new trial is granted at the instance of one of the parties and it appears to the court that justice can be done by limiting the retrial to the area in which error occurred. In such a situation the practice usually preserves to the moving party so much of the verdict as was in his favor and gives him an opportunity to try again the part which he has lost, but it ought not to be done unless it is clear that no injustice will result. In other words, the practice should not be followed unless the issue to be retried is so distinct and separable from the others that the trial of it alone may be had without injustice.

■ The same consideration should govern when the question arises in the appellate court after it has become apparent that error occurred in the trial court in a separable area and it is urged that the new trial should be restricted to this

field. In the instant cases we are unable to say that the new trial can be restricted to the single issue without injustice to the defendant, since the evidence relating to wilful misconduct is so inextricably tied up with that relating to primary negligence that a fair trial upon either issue requires a trial of both issues together. Moreover, it is by no means certain that a jury which has a free hand to find a verdict on the whole case will reach the same conclusion as one which has been given a binding instruction on one particular element of the damages.

A similar conclusion was reached in Smyth Sales v. Petroleum Heat & Power Co., 3 Cir., 141 F.2d 41, in an action for fraud and deceit where the verdict was set aside because the amount of punitive damages allowed was not definitely fixed. The court refused to limit the new trial since it was apparent that the amount of punitive damages to be allowed, if any, could not be ascertained intelligently except in connection with a consideration by the jury of the whole case.

Accordingly, we think that the judgments in the pending cases should be set aside and that new trials on all issues should be directed. However, since liability is admitted and no error appears in the amount of compensatory damages allowed after a full trial in the district court, we think it proper to give the plaintiffs an opportunity to elect between a new trial of the actions as a whole and the retention of the unobjectionable portion of the judgments. We are therefore withholding entry of judgments for fifteen days, within which time the plaintiffs may, if they so elect, file in the office of the clerk of the district court a remittitur of the punitive damages which have been separately included in the judgments below and also file a certified copy thereof in the office of the clerk of this court. If such remittiturs are filed, the judgments less the amounts so relinquished will be affirmed, otherwise the judgments will be reversed and new trials ordered.

Reversed nisi.