Alphonse **T. CUOZZO,** John Catanzaro
and Nathan Sutton, Appellants,

v.

**UNITED STATES of America,**
Appellee.

No. 19593.

United States Court of Appeals
Fifth Circuit.

Nov. 14, 1963.

Henry Hall Ware, III, C. Dale Harmon, Atlanta, Ga., for appellants.

Donald H. Frasier, U. S. Atty., Savannah, Ga., for appellee.

Before TUTTLE, Chief Judge, and JONES and BELL, Circuit Judges.

GRIFFIN B. BELL, Circuit Judge.

Appellants were indicted for possessing and concealing six hundred and sixty counterfeit ten dollar federal reserve notes, in one count, and in another count for uttering one ten dollar federal reserve note, all in violation of Title 18 U.S.C.A. § 472. Judgments of conviction were entered on a jury verdict of guilty after a joint trial. They were sentenced to ten years on each of the counts with the sentences to run concurrently. They were represented on the trial by counsel of their choice.[1]

A careful consideration of the record and the applicable law indicates that the errors assigned, save one, are without merit. Assuming, but not deciding, that the asserted error was preserved, the trial court did not err in overruling the motion to suppress the counterfeit notes as evidence. Three theories sustain the search without a warrant: First, consent; second, probable cause for search without a warrant; and third, as being incidental to an arrest made on probable cause. See Hart v. United States, 5 Cir., 1963, 316 F.2d 916; Armada v. United States, 5 Cir., 1963, 319 F.2d 793; and compare the rule on searches incidental to arrests without warrants, but on probable cause in Henry v. United States, 1959, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134. On the second and third theories, the facts were that appellants passed the counterfeit note to a shopkeeper who took the license

1. The court is indebted to appointed counsel for their services and diligence on this appeal.

number of their automobile, called the sheriff, and the sheriff, after ascertaining that the note was counterfeit, had them stopped and conducted the search.

■ Likewise, assuming but not deciding that valid objections were lodged, the claims that admissions made by appellant Cuozzo were obtained through coercion, and that the other appellants were prejudiced by the admissions also fail. The trial court invoked a cautionary instruction, and proper limitations where indicated. See United States v. Mitchell, 1944, 322 U.S. 65, 64 S.Ct. 896, 88 L.Ed. 1140 on the coercion question; and Siglar v. United States, 5 Cir., 1954, 208 F.2d 865, cert. den., 347 U.S. 991, 74 S.Ct. 854, 98 L.Ed. 1125 on the admission question.

■ The evidence was sufficient to sustain the verdict of guilty as to each appellant, and there, under our system when no prejudicial error appears, the matter ordinarily ends. But the proceedings in this case after the return of the verdict present another story. The following transpired immediately after the verdict was published by the clerk:

"THE COURT: Just have a seat, Gentlemen of the Jury. I will complete the record now. Any statement anybody wants to make, Mr. Sullivan?

"MR. SULLIVAN: Well, nothing particular, Your Honor. You have heard the evidence. As far as I can ascertain[ed], they have never been in any trouble before.

"THE COURT: Well, here [is] their records.

"MR. SULLIVAN: All right, sir.

"THE COURT: Now, as to Cantanzaro, mail theft, issuing worthless checks in concert with another one. Now, Cuozzo: Assault and robbery, driving while intoxicated and forgery. Now, this man here, Sutton: He has no record.

"MR. SULLIVAN: No, sir, he has no record.

"THE COURT: Now, what I am—

"MR. SULLIVAN: —If Your Honor please, Mr. Cantanzaro calls my attention to the fact that charge was dismissed.

"MR. CANTANZARO: That was the one about the mail business. That was dismissed because they found out there was a logical explanation as to it.

"THE COURT: Now, in this case here, I could give them 15 years on both counts, which would be 30 years. Well, I am not going to do that * * * There are two counts in the indictment, is that right?

"MR. SULLIVAN: Yes, sir.

"THE COURT: Therefore, I am going to sentence you all to ten years on each count to run concurrently, which will be ten years in all that you will have to serve."

Rule 32(a) F.R.Crim.P. provides:

"* * * Before imposing sentence the court shall afford the defendant an opportunity to make a statement in his own behalf and to present any information in mitigation of punishment."

Since the holding of the Supreme Court in the case of Green v. United States, 1961, 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670, it has been clear at least on a direct appeal[2] that:

"Trial judges before sentencing should, as a matter of good judicial administration, unambiguously address themselves to the defendant. Hereafter trial judges should leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing."

This admonition by the Supreme Court was based on their view that the intention of the rule was that a defendant be

**2.** See Hill v. United States, 1962, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417; and Machibroda v. United States, 1962, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473, which hold that such a point may not be raised collaterally.

personally afforded the opportunity of presenting his plea of mitigation to the court, and that "[T]he most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself."

The record convinces us that appellants were not afforded this valuable right of allocution and for that reason their sentence must be vacated and the case remanded to the District Court for corrective action prior to resentencing. United States v. Allegrucci, 3 Cir., 1962, 299 F.2d 811; United States v. Byars, 6 Cir., 1961, 290 F.2d 515; and Gadsden v. United States, 1955, 96 U.S.App.D.C. 162, 223 F.2d 627.

The judgments of conviction are affirmed. The sentences entered thereon are vacated and the case is remanded so that appellants may be afforded the right of allocution under Rule 32(a) prior to being resentenced.

Affirmed in part; sentences vacated, remanded for resentencing.

Tuttle, Chief Judge, dissented in part.