**Irving PASTERNAK, Defendant-Appellant,**

v.

**PAN AMERICAN PETROLEUM CORPORATION, a Delaware corporation, Plaintiff-Appellee.**

**No. 203–69.**

United States Court of Appeals Tenth Circuit.

Oct. 21, 1969.

Rehearing Denied Dec. 3, 1969.

---

A. M. Alloway, Denver, Colo. (C. M. Peterson and Poulson, Odell, Peterson & Levine, Denver, Colo., on the brief), for appellant.

Donald C. McKinlay, Denver, Colo., (Ted P. Stockmar, and Holme, Roberts & Owen, Denver, Colo., on the brief), for appellee.

Before PHILLIPS, BREITENSTEIN and HICKEY, Circuit Judges.

ORIE L. PHILLIPS, Circuit Judge.

Pan American Petroleum Corporation[1] entered into a joint operating agreement with Pasternak with respect to a well to be drilled for oil and gas, under which Pan American was to drill and operate the well. Pasternak agreed to pay 37½ per cent of the cost of drilling, testing, equipping and operating the well; and if a dry hole, also the cost of plugging it. The well was drilled by Pan American and completed as a dry hole. Pan American billed Pasternak for $59,736.84, being his share of the cost of drilling, testing, and plugging the well. Pasternak denied liability on the alleged grounds that Pan American improperly drilled, tested, fracted, worked over and reworked the well, thereby preventing it from being a producer.

Pan American then brought this diversity action against Pasternak to recover his share of the cost of drilling, testing, and plugging the hole. Trial to a jury resulted in a verdict for Pan American for $66,266.99, which included accrued interest.

From a judgment entered on the verdict for $66,266.99, which included interest from May 1, 1967, Pasternak has appealed.

Colorado Revised Statutes 1963, § 154-1-1, provides in part as follows:

> "*154-1-1. Who may testify—interest.* * * * Evidence of a previous conviction of a felony where the witness testifying was convicted five years prior to the time when the witness testifies shall not be admissible in evidence in any civil action."

It will be observed that such statute is exclusionary in character.

Rule 43(a) of the Federal Rules of Civil Procedure for the United States District Courts in part here pertinent provides:

> "*Rule 43. Evidence*
>
> "*(a) Form and Admissibility.* * * * All evidence shall be ad-

---

1. Hereinafter called Pan American.

mitted which is admissible under the statutes of the United States, or under the rules of evidence heretofore applied in the courts of the United States on the hearing of suits in equity, or under the rules of evidence applied in the courts of general jurisdiction of the state in which the United States court is held. * * * "

At the trial Pasternak had testified as a witness on his own behalf. On cross-examination he was asked if he had ever been convicted of a felony. He answered that he had. After the question had been answered, counsel for Pasternak objected to the question, because it did not contain the five-year limitation provided for in the Colorado statute. The objection was overruled. Prior to the time such question was asked, at a session held in chambers, counsel for Pasternak stated that counsel for Pan American had advised him he was going to interrogate Pasternak respecting such conviction; and counsel for Pasternak, when asked by the court if he had any objection thereto advised the court he objected, unless the question included the phrase "within the immediately preceding five years."

Pasternak was then asked the approximate date of his conviction. He answered, "July, 1962." [2] He was then asked if the conviction was for conspiracy to defraud the United States by impeding, obstructing and defeating the functioning of an agency of the United States, to wit, the Securities and Exchange Commission. Counsel for Pasternak objected to that question for the same reasons he had objected to the two previous questions. The court overruled the objection.[3]

The sole question presented on this appeal is whether the admissibility of the evidence of Pasternak's conviction of a felony is controlled by Rule 43(a) or the Colorado Statute.

Evidence that Pasternak had been convicted of a felony would have been admissible "in the courts of the United States on the hearing of suits in equity," prior to September 16, 1938.[4]

When the fact of a conviction of a felony loses its probative value by reason of the lapse of time after the conviction is not fixed by any rigid rule, but is a matter for the trial court's determination under the attendant circumstances, in the exercise of a sound discretion.[5]

We hold that the instant case is ruled by the decision of this court in Mutual Life Insurance Company of New York v. Bohlman, 10 Cir., 328 F.2d 289. That was a diversity case, tried in the Western District of Oklahoma, in an action to recover benefits on a life insurance policy. The question presented was whether a health statement executed by the insured in his application for the insurance policy was admissible. Such evidence was vital to the insurance company's defense, since it showed "the insured not only failed to disclose the apparent changes in health but actively misrepresented the state of his health up to the time the policy was delivered to him." The application was not attached to nor made a part of the policy of insurance. The trial court held it was inadmissible under an Oklahoma statute which provided that an application for a life insurance policy was inadmissible unless it was either attached to or made

---

2. The conviction was, in fact, on June 5, 1963.

3. The court properly instructed the jury that Pasternak's admission that he had been convicted of a felony could be considered by the jury only on the question of his credibility, and Pasternak's counsel made no objection to that instruction.

4. Wigmore on Evidence (3d Ed. 1940), Vol. 1, § 6c, p. 201; Moore's Federal Practice, Vol. 5, § 43.04, p. 1328.

5. Fire Ass'n of Philadelphia v. Weathered, 5 Cir., 62 F.2d 78, 79; Sinclair Refining Co. v. Southern Coast Corp., 5 Cir., 195 F.2d 626, 629; See also, Lewis v. Owen, 10 Cir., 395 F.2d 537, 541.

a part of the policy. This court reversed, saying in its opinion that:

"* * * The fact that certain evidence might be inadmissible under a state exclusionary rule or a state statute, such as is involved here, is not controlling in the federal courts. United States v. Featherston, (10 Cir., 325 F.2d 539); Monarch Insurance Company of Ohio v. Spach, 5 Cir., 281 F.2d 401. '* * * while state rules of *admissibility* are controlling in the federal courts, state *exclusionary* rules are not, and evidence admissible under either of the first two tests must be received even though the state courts would hold otherwise. The rule of Erie R. Co. v. Tompkins, [304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188], limited as it is to matters affecting substantive rights, does not compel a different result.' [6]

"We have not been referred to any exclusionary principle laid down by any federal statute or rule of federal equity practice which would make the health statement inadmissible. Accordingly and since admissibility under Rule 43(a) is on the basis of relevancy and materiality, 5 Moore's Federal Practice, § 43.04, p. 1319, we need only say that it is both relevant and material, and that it should have been admitted into evidence at the trial and may properly be considered a part of the appellant's evidence here."

Our decision in Mutual Life Insurance Company of New York v. Bohlman, supra, is supported by Monarch Insurance Company of Ohio v. Spach, 5 Cir., 281 F.2d 401, which was an action to recover on a fire insurance policy in a diversity case. The question presented was whether a federal court, sitting in Florida, should exclude evidence otherwise admissible, because of the provision of a Florida statute, F.S.A. § 92.33. Such statute provided: "Every person who shall take a written statement by any injured person * * * with respect to any injury to person or property shall, at the time of taking such statement, furnish to the person making" it "a true and complete copy thereof" and such statement by the injured person shall not "be admissible in evidence or otherwise used in any manner in any civil action relating to the subject matter thereof unless it shall be made to appear that a true and complete copy thereof was furnished to the person making such statement at the time of the making thereof, or, if it shall be made to appear that thereafter a person having possession of such statement refused, upon request of the person who made" it "or his personal representatives to furnish him a true and complete copy thereof."

Such statement was made by the president of the insured, under oath. He testified at the trial for the insured. The statement was offered in evidence to impeach his credibility as a witness and as proof of a defense for breach of warranty by false swearing. Objection to its admission was made on the ground that the insurance company, at the time of the taking of the statement and on a request made thereafter, had declined to furnish a draft of the statement to the president of the insured.

After a thorough and exhaustive consideration of the question, the Fifth Circuit Court of Appeals concluded that the statement was admissible under the rules of evidence theretofore applied in courts of the United States in suits in equity, and that Rule 43(a), not the Florida statute, was controlling.

We entertain no doubt that the evidence of Pasternak's conviction, five and one-half years immediately prior to the date he was testifying, was admissible to impeach his credibility under the second category laid down in Rule 43(a), that is, under rules of evidence applied prior to September 16, 1938, in courts of the United States in suits in equity.

We think a reading of Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L. Ed.2d 8, makes it clear that Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct.

---

6. To the same effect, see Mecore'g Federal Practice, Vol. 5, § 43.04, pp. 1327–1328.

1464, 89 L.Ed. 2079, and other cases relied on by counsel for Pasternak have no application in the instant case.

The judgment is affirmed.