**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Cicero N. MOORMAN, Defendant-
Appellant.**

**No. 14909.**

United States Court of Appeals
Seventh Circuit.

March 17, 1966.

Richard H. Compere, Chicago, Ill., for appellant.

Richard P. Stein, U. S. Atty., David W. Mernitz, Asst. U. S. Atty., Southern District of Indiana, Indianapolis, Ind., for appellee.

Before DUFFY, KILEY, and SWY-GERT, Circuit Judges.

SWYGERT, Circuit Judge.

Cicero N. Moorman and his wife, Georgia Moorman, were found guilty by a jury of violating section 2423 of the Criminal Code, 18 U.S.C. § 2423 (1948), by inducing a sixteen-year-old girl, Sandra Poindexter, to travel by bus from Henderson, Kentucky to Evansville, Indiana with intent that she engage in prostitution. Cicero Moorman was sentenced to six years imprisonment and fined $1,000. He appeals from the judgment of conviction.

The defendant claims (1) that the district judge erred in commenting on the apparent fear of witness Sandra Poindexter during her testimony; (2) that the district judge erred in allowing the testimony of defendant's wife to be used against him; and (3) that there was not substantial evidence to support the verdict of guilty.

I.

Sandra Poindexter was the principal Government witness. While on the witness stand she spoke softly and failed to respond to many questions. During the cross-examination, the district judge interrupted the questioning and asked the witness if she was fearful of her testimony. The witness said that she was. Defense counsel thereupon requested that the jury be instructed that they were not to infer from the judge's inquiry that the witness had been threatened by the defendant. The judge said he had made no inference and qualified his remarks by commenting upon the facial expressions, actions, hesitancy and loss of memory of the witness. After another request by counsel, the judge told the jury that he was not inferring that any threats had been made by the defendant toward the witness.[1] Later, during his final instruc-

---

1. The full colloquy between defense counsel and the court is shown in the record as follows:

The Court: Well, are you fearful with respect to your testifying in this trial?

The Witness: Yes.

Mr. Rice (defense counsel): Well now, your Honor, I hope we all understand the implication that has been brought out in this matter. I wish that you would explain to this jury that you do not mean to imply that any threat on the part of my clients, the defendants here, keeping this woman from testifying,—

The Court: I have not—I have made no inference. This witness' facial expressions, her actions on the witness stand, her hesitations when certain names are elicited, she seems to have a loss of memory.

Mr. Rice: Well, that may be—there may be other explanations for that, too.

The Court: That's all right.

Mr. Rice: There may be considerable number of them.

The Court: It may well be. It could fall on either side.

Mr. Rice: But I wish you would explain to this jury that no inference has been made that any threats were made by my clients that—

The Court: All right, the Court will state that to the jury: I am not inferring that anyone on behalf of the defendant here has made any threats or any intimidations toward this witness.

tions, the judge told the jury that they were the sole judges of the credibility of the witnesses; that they should not be influenced by any acts of the trial court; that they should decide the case fairly and free from prejudice and passion; and that they should scrutinize Sandra Poindexter's testimony and weigh it with great care.

The defendant contends that the judge's inquiry was prejudicial and denied him a fair and impartial trial, citing Gomila v. United States, 146 F.2d 372 (5th Cir. 1944). He argues that the jury, having heard the judge ask the witness if she was fearful with respect to her testimony, could only conclude that her reluctance was due to intimidation by the defendant and that neither the judge's statement at that time nor his later general instructions cured the prejudicial effect of his inquiry.

 We do not agree with defendant's contention. The district judge's comment was not the flagrant kind of interference or partiality which has been condemned as prejudicial on other occasions. Gomila v. United States, supra, is inapposite. There, the Fifth Circuit criticized the conduct of the trial judge who "repeatedly took away the examination of witnesses from competent counsel." Here, it was within the discretion of the district judge to inquire about the hesitancy of the witness in answering questions. He did not mention the defendant in the question. He told the jury that he intended to make no inference that the defendant had threatened the witness. It would appear that even defense counsel was satisfied with the judge's statement to the jury inasmuch as he neither requested a mistrial nor submitted any specific instruction dealing with the incident. Furthermore, the jury instructions cured any improper inference which might have been drawn from the judge's remarks.

## II.

The same counsel represented both the defendant and his wife at the trial. Mrs. Moorman was called as a defense witness. For the most part she denied the testimony produced by the Government. However, she admitted that on the occasion of her first meeting with Sandra Poindexter, "She came by bus." Thus she corroborated an essential element of the Government's case.

 The defendant contends that it was plain error not to instruct the jury that his wife's testimony could not be considered against him, relying upon Hawkins v. United States, 358 U.S. 74, 79 S.Ct. 136, 3 L.Ed.2d 125 (1958). The Hawkins decision, however, is not in point. That case merely held that one spouse may not be permitted to testify against the other over the other's objection. Here, the defense called the defendant's wife; there was no objection by the defendant and no request for an instruction limiting the jury's consideration of her testimony. In Funk v. United States, 290 U.S. 371, 54 S.Ct. 212, 78 L.Ed. 369 (1933), the Supreme Court removed the common law incompetency of a wife to testify in behalf of her spouse. The only question remaining is one of privilege. A husband or wife cannot be compelled to testify against his or her spouse nor can either one be permitted to do so unless the other spouse consents. The privilege, however, may be waived. Olender v. United States, 210 F.2d 795, 800 (9th Cir. 1954). In the instant case, by permitting his wife to testify in their joint defense, the defendant accepted the risk as well as the benefit that might result from her testimony.

## III.

 The defendant failed, at the close of all the evidence, to renew his prior motion for judgment of acquittal. Both this court and the Third Circuit have recently repeated the rule that this failure bars a defendant from challeng-

---

I don't know that that's true—I'm merely observing here a witness who seems to have a great deal of hesitancy

to testify when certain identifications are made in the questions. I don't know.

ing the sufficiency of the evidence to support the charges against him. United States v. Childress, 347 F.2d 448, 451 (7th Cir. 1965); United States v. Manos, 340 F.2d 534, 536–537 (3d Cir. 1965). In any event, the defendant's attack upon the sufficiency of the evidence is directed almost exclusively at the credibility of Sandra Poindexter. While it is true that the Government's case rested entirely on this witness,[2] the credibility of witnesses is a matter that the trier of fact must resolve; it cannot be reviewed at the appellate level. United States v. Childress, supra.

We see no purpose in reciting the evidence relating to the sordid events leading to the charges made against the defendant. Suffice it to say that Sandra Poindexter's testimony, if credited, was sufficient to support the verdict of guilty.

The judgment of conviction is affirmed.

We commend and thank court-appointed counsel, Mr. Richard H. Compere of the Chicago Bar, for the services he has rendered in this appeal.

2. The uncorroborated testimony of the victim in a prosecution under section 2423 of the Crimnial Code is sufficient to permit the case to be submitted to the jury. Wegman v. United States, 272 F.2d 31, 33 (8th Cir. 1959).