**Larry Wayne HELBERG and David Landworth, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 20143.**

United States Court of Appeals Ninth Circuit.

Aug. 23, 1966.

Rehearing Denied Sept. 27, 1966.

James D. Burns, Seattle, Wash., for appellants.

William N. Goodwin, U. S. Atty., Michale J. Swofford, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before JERTBERG and ELY, Circuit Judges, and FOLEY, Jr., District Judge.

PER CURIAM.

Following trial to a jury, appellants were convicted on each count of a three count indictment, each count charging that appellants, with fraudulent intent, caused to be transported in interstate commerce from Seattle, Washington, to New York, New York, a forged security, to wit: an American Express Money Order, knowing said money order to be falsely made and forged, all in violation of 18 U.S.C. §§ 2314 and 2.

The money order described in Count I, is dated August 27, 1963, and is in the amount of $100.00. The money order in Count II is dated August 30, 1963, and is in the amount of $100.00. The money order in Count III is dated August 30, 1963 and is in the amount of $10.00.

Appellants make no attack on the sufficiency of the evidence to establish their guilt. An examination of the transscript of testimony discloses that the verdict of guilty returned against each defendant, on each count of the indictment, is abundantly supported. Appellants, testifying in their own behalf, denied any knowledge of, or participation in, the commission of any of the offenses charged. The members of the jury chose to reject the testimony of the defendants [appellants] and to place their credence in the testimony of the several witnesses for the government. The record reveals that on August 29, 1963, a burglary occurred at a Seattle pharmacy, and a number of American Express Money Orders were taken, the exact number taken does not appear in the record.

A day or two after the burglary, appellants attempted to cash American Express Money Orders at a club in Seattle, but were unsuccessful. Appellants then secured the services of two young ladies to cash the money orders for them. The young ladies testified that they cashed the three money orders set forth in the indictment at the request and direction of the appellants, and turned over to the appellants the cash which they received. Appellants testified that they were ac-

quainted with these young ladies and lived with them at different motels during the period that the money orders were cashed, but denied any knowledge of the activities of these young ladies in connection with the cashing of the money orders.

Appellants contend that they were denied a fair trial because:

1. Evidence of the burglary, a separate and distinct crime not charged in the indictment, was received;

2. Evidence concerning American Express Money Orders, not mentioned in the indictment, was received;

3. Evidence of the immoral conduct of appellants in living with the two young ladies was received;

4. Impeachment evidence against the appellants was improperly received; and

5. Improper remarks were made by the prosecutor in his closing argument to the jury.

We have carefully reviewed the record in the light of each of appellants' contentions. No objection was made by appellants as to any evidence introduced concerning the burglary. No objections were made calling to the District Court's attention the claimed improper remarks made to the jury. Appellants having taken the stand were properly impeached by evidence of prior felony convictions and by prior inconsistent statements. Appellants were not prejudiced by evidence of immoral conduct with the two young ladies. The prosecuting attorney advised the jury, in his opening statement at the very beginning of the trial, of the Government's intent to offer the evidence. The defense made no objection at the time, and the explanation is clearly seen from an examination of the record as a whole. The defense itself urged, as it obviously intended to do when it interposed no objection to the prosecution's opening statement, that the appellants sought the company of the young ladies for lustful purposes and not for their assistance in accomplishing the crimes which were charged. Under these circumstances, there was a waiver of any objection which might, in a different setting, have been properly presented. Reference to other money orders was casual and consisted mainly of the testimony of one of the young ladies who testified that the defendants had quite a few of them, and she testified that she cashed about ten or twenty of them. This testimony came in without objection on the part of the appellants.

We are satisfied from our review of the entire record that the appellants received a fair and impartial trial and that errors, if any, appearing in the record are harmless.

The judgment of conviction appealed from is affirmed.