**George SINGLETON, Jr., Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 21521.

United States Court of Appeals
Ninth Circuit.

July 28, 1967.

As Amended on Denial of Rehearing
Sept. 12, 1967.

**2**

Riner E. Deglow, Spokane, Wash., for appellant.

Smithmoore P. Myers, U. S. Atty., Robert M. Sweeney, Asst. U. S. Atty., Spokane, Wash., for appellee.

Before MERRILL and ELY, Circuit Judges, and MATHES,* Senior District Judge.

ELY, Circuit Judge:

The appellant was charged by indictment with having violated 18 U.S.C. § 2421, a penal statute commonly referred to as the Mann Act. He appeals from the judgment of conviction which followed trial in the District Court without a jury.

The case for the prosecution was based essentially upon the testimony of Pamela Ann McFall. This woman, twenty-three years of age and an admitted prostitute, had resided in Salt Lake City, Utah. She testified that she had become acquainted with Singleton in 1965 and had thereafter lived with him for a time in Utah. During this period, Singleton acted as a panderer in her behalf. Singleton married another woman on October 10, 1965, and, on October 14, 1965, the two women accompanied him by rail from Salt Lake City to Pendleton, Oregon, and thence, by automobile, to Moses Lake, Washington. The prostitute insisted that she made the trip in response to Singleton's request and his suggestion of the probability of successful exploitation of her profession in the Moses Lake community. When the party reached Moses Lake, they visited an establishment known as one of prostitution. McFall there engaged in one such act. Two days later the group

---

* Senior District Judge William C. Mathes died on July 24, 1967. Before his death, he had expressed his concurrence in the result which is reached.

traveled to Spokane, Washington, where, through contact with a taxicab driver, the appellant arranged that McFall commit another act of prostitution. For this performance, her customer paid her twenty dollars which she delivered to appellant. Almost immediately thereafter, Singleton informed McFall of his recent marriage to the second woman, whereupon McFall apparently undertook suicide by slashing her wrists and ankles. This led to her hospitalization and to her subsequent arrest by Spokane police.

In his trial, the appellant was vigorously and conscientiously defended by an attorney appointed by the court. Testifying in his own behalf, appellant admitted that he had lived with McFall in Salt Lake City. He admitted that he paid the cost of McFall's interstate transportation and that he had purchased the tickets under a fictitious name. He denied that in arranging the trip he harbored the intent that McFall should continue to engage in her illicit calling, and he denied knowledge that she had engaged in the acts of prostitution in Moses Lake and Spokane.

■ We commend appellant's court-appointed counsel for the zeal with which he here challenges the sufficiency of the Government's evidence. We agree that the credibility of McFall is open to severe challenge. That she was gravely unstable, as well as depraved, there is no doubt. On three occasions she had been a patient in Utah mental institutions, and she had used heroin and other drugs. All this notwithstanding, it was the proper function of the district judge, with his opportunity to observe the witnesses, to resolve the conflicting testimony. In the dispute as to the crucial facts, the court saw credibility in the testimony of McFall, and we cannot overrule the determination. Singleton does not limit his attack on McFall to her credibility. He also challenges her competency. The district judge determined that she was not incompetent to testify, and his determination was supported by the report of a physician who had previously treated her. This physician, a psychiatrist, was produced as a witness by the appellant, and he testified, in effect, that McFall was sufficiently competent to testify. Her testimony was sufficient to support conviction. United States v. Terry, 362 F.2d 914 (6th Cir. 1966), cert. denied, 385 U.S. 1029, 87 S.Ct. 758, 17 L.Ed.2d 676 (1967); United States v. Moorman, 358 F.2d 31 (7th Cir. 1966), cert. denied, 385 U.S. 866, 87 S.Ct. 127, 17 L.Ed.2d 93 (1966).

■ While appellant attacks the sufficiency of the evidence, he also presents additional contentions. He urges that it was error for the court, over his objection, to grant the appellee's motion for continuance of the trial. The motion was presented because McFall, who was at liberty, did not appear on September 14, 1966, the day when the trial was originally scheduled. She had been subpoenaed to do so, and, according to representations made by the prosecution, she had given her assurance to the prosecution's representatives that she would be present. As the court granted the motion for continuance, a warrant for McFall's arrest was issued at the same time. She was quickly apprehended by the Government and returned to Spokane so that the trial began only one week after the day when it had originally been scheduled to commence. Trial courts are properly vested with wide discretionary latitude in making decisions as to whether or not requested continuances should be granted. Miller v. United States, 351 F.2d 598 (9th Cir. 1965), cert. denied, 382 U.S. 1027, 86 S.Ct. 648, 15 L.Ed.2d 540 (1966). It is clear that the prosecution had not been lax in the exercise of diligence, and this fact, coupled with the fact that the appellant suffered no substantial prejudice in the legal sense from the short delay, convinces us that the court's discretion was properly exercised.

■ The appellant undertook, in cross-examination, to obtain McFall's admission that she had previously testified falsely in another matter, a murder case in Utah. It is claimed that the court erred in refusing to permit cross-

**4**

examination directed to this point. It was not suggested that the testimony given in the Utah trial, even if false, was similar in nature to that which she presented in the case at bar. Had it been represented, for example, that she had testified falsely for the prosecution in other cases in which her former paramours or panderers had been accused, that proof would have been material. It is apparent here, however, that the limitation of cross-examination was only as to a collateral matter, litigation of no similarity to that with which the court was immediately confronted. The district judge, by his ruling, obviously anticipated that a contrary ruling might require exploration into many aspects of the Utah trial and possibly, in effect, a retrial of the Utah case in order to determine whether or not McFall had testified falsely there. We therefore hold that there was no prejudicial error in the evidentiary ruling which is challenged, although, at the same time, we reiterate our opinion that wide latitude in the right of cross-examination should always be afforded. Harris v. United States, 371 F.2d 365 (9th Cir. 1967); Carter v. United States, 373 F.2d 911 (9th Cir. 1967). In cross-examining the appellant, the prosecution was permitted, over objection, to elicit appellant's admission that he had been previously convicted of two felony offenses. If not remote, such convictions have long been held to be properly admissible as impeachment of an accused who testifies in his own behalf. Helberg v. United States, 365 F.2d 314 (9th Cir. 1966), cert. denied, 385 U.S. 1010, 87 S.Ct. 718 (1967). The Supreme Court has very recently recognized the present validity of the rule. See Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606, rehearing denied, 386 U.S. 969, 87 S.Ct. 1015, 18 L.Ed.2d 125 (1967).

It is claimed that there was improper rejection of Singleton's offer to prove that his wife, at the time of the trial, was pregnant and that he had engaged in proper conduct, including efforts to gain decent employment, following the prostitute's return from Washington to Utah. The contention has no merit, since the offered evidence was immaterial in the consideration of any factual issue pertaining to the previously committed offense with which the appellant was charged.

A contention is made that the district judge made an improper comment during the trial. The comment pertained to the fact that Singleton had been arrested for an independent and unrelated offense by authorities of the State of Washington. In the light of the whole record and the fact that the trial was without jury, we will not presume that the district judge, in reaching his ultimate judgment, was influenced by improper considerations.

Affirmed.