**Keith Joseph BURG, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 22619.**

United States Court of Appeals
Ninth Circuit.

Jan. 16, 1969.

J. Rayner Kjeldsen (argued), Reno, Nev., for appellant.

Julien Sourwine (argued), Asst. U. S. Atty., Joseph L. Ward, U. S. Atty., Reno, Nev., for appellee.

Before MADDEN,* Judge of the United States Court Claims; HAMLEY and ELY, Circuit Judges.

MADDEN, Judge:

The appellant Burg, hereinafter called the defendant, was convicted in a jury trial in the District Court, of bank robbery, a violation of Title 18, United States Code, § 2113(a). He has appealed. There is no problem concerning the jurisdiction of the District Court or of this court.

The appellant states, as his grounds for appeal:

A. It was prejudicial error for the trial court to refuse defendant's motion that the Government not be allowed to ask any questions with regard to whether the defendant had prior felony convictions, upon the representation that the defendant would state if he were asked said questions that he had prior felony convictions.

B. Even though no objection was raised in the trial court, the instant case should be reversed because of improper argument by the United States Attorney.

The question raised by the defendant under paragraph A above concerns the admissibility against a defendant who is a witness in his own defense, of evidence that he has had one or more prior convictions of felonies. Rule 26 of the Federal Rules of Criminal Procedure provides, so far as here pertinent:

The admissibility of evidence * * shall be governed * * * by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience.

The weight of authority in the federal courts is that evidence of conviction of a felony is admissible to impeach the credibility of a witness. In the last few years that consistent line of precedents has been interrupted by decisions of the United States Court of Appeals for the District of Columbia. In Luck v. United

---

* Senior Judge, The United States Court of Claims, sitting by designation.

States, 121 U.S.App.D.C. 151, 348 F.2d 763, 768–769 (1965), that court discussed at length the problem which had been a subject of discussion by legal writers and in State legislatures, the problem of prejudice resulting from such evidence, particularly when the witness is the defendant in a criminal case. The court in Luck stresses the dilemma which confronts a defendant who desires to take the stand in his defense, but who would if his prior conviction could be used to impeach his credibility, assume the risk that the jury might be affected, to his prejudice, by the knowledge of his prior crime. In Luck, the court held that the trial judge should, when the question is raised by the defendant whether, if he takes the witness stand, his prior conviction may be put in evidence to impeach his credibility, weigh the value of the evidence of prior conviction as an assistance to the jury in deciding whether the defendant's testimony should be believed, against the handicap to the jury of not hearing the defendant's testimony, because he will not take the stand and thereby expose himself to the prejudice in the minds of the jury resulting from their learning that he is a prior-convicted criminal. The Luck case does not hold that in every case the trial court should rule that the defendant could take the stand and his prior conviction could not be offered against him. It holds that the trial judge should consider the circumstances of the specific case before the court. The court which decided the Luck case, said, in Brown v. United States, 125 U.S.App.D.C. 220, 370 F.2d 242 (1966):

> * * * We were led in Luck to hold that, while prior convictions might have some bearing on credibility, the trial court is not bound by 14 D.C.Code § 305 [1] to permit impeachment in every case. Rather we called upon the trial court to exercise discretion, noting that "(t)here may well be cases where the trial judge might think that the cause

of truth would be helped more by letting the jury hear the defendant's story than by the defendant's foregoing that opportunity because of the fear of prejudice founded upon prior conviction. There may well be other cases where the trial judge believes the prejudicial effect of impeachment far outweighs the probative relevance of the prior conviction to the issue of credibility." * * * We went on to mention some of the considerations that might be relevant in exercising that discretion, such as "the nature of the prior crimes, the length of the criminal record, the age and circumstances of the defendant, and, above all, the extent to which it is more important to the search for truth in a particular case for the jury to hear the defendant's story than to know of a prior conviction."

> * * * * * *

This is not to say that a prior conviction has no relevance to credibility. It is to say that the trial judge, in weighing the prejudice that might result from the admission against interest in having the defendant testify, should focus on just how relevant to credibility a particular conviction may be. While one who has recently been convicted of perjury might well be suspected of lying again under oath, the fact that a defendant accused of assault has already been convicted of assault has no such bearing on credibility.

There is, of course, much food for thought in the opinions of the Court of Appeals for the District of Columbia in the Luck and Brown cases, supra. The defendant urges that we apply the doctrine of those cases to his instant case. For us to do what the defendant urges would be a sharp departure from the regular course of decisions in the federal courts. The defendant does not cite any federal case, other than the recent cases in the District of Columbia, holding that

1. D.C.Code § 305 provides that prior conviction does not make one incompetent to testify "but such fact may be given in evidence to affect his [credibility] as a witness." [Footnote not in original]

prior conviction of a felony is not, as a matter of course, admissible in evidence to impeach the credibility of a witness. Indeed, the Court of Appeals for the District of Columbia, in a decision rendered more recently than Luck and Brown decisions seems to have receded somewhat from the advanced position taken in those earlier decisions. In Gordon v. United States, 383 F.2d 936, 939, 127 U.S. App.D.C. 343 (1967) the Court said:

> "The test of Luck, however, is that to bar [prior convictions] as impeachment the court must find that the prejudice must 'far outweigh' the probative relevance to credibility  *  *."

This "far outweigh" language in Gordon is a more emphatic statement of what was recognized in Luck, i. e., that prior conviction is in fact relevant and probative on the question of credibility. It would seem, then, that even in the District of Columbia, the defendant would have a heavy burden indeed when, as in the instant case, his prior conviction was for theft, to persuade the trial court that it was "far" more important, in the fair administration of justice, to keep the jury in the dark as to whether the defendant was a credible witness than to require the defendant to elect at his risk whether or not to take the witness stand in his defense.

The Luck doctrine places on the trial judge a delicate and difficult responsibility for weighing things which are, in fact, not susceptible of being weighed. The Luck rule may thus tend to put the trial judge in the position of having to make a decision which is, in reality, an arbitrary one for which he can give no satisfactory reason. The federal cases, except for the District of Columbia cases all interpret the common law as making evidence of the prior conviction of a witness of felony admissible to impeach him. The cases are conveniently collected in Modern Federal Practice Digest, Witnesses, Key No. 337(5) and 337(6). It may be worthy of note that the Pocket Part of the Digest shows decisions in five circuits, rendered since the decision in the Luck case, all of which have ad-

hered to the orthodox rule. Helberg v. United States, 365 F.2d 314, CA 9, 1966, is one of those cases. And on November 26, 1968, this court in Dipple v. United States, 403 F.2d 965, again adhered to the traditional rule of the federal courts.

We hold that the evidence of the defendant's prior conviction was admissible.

█ The defendant asserts error in the trial court's not having, of its own motion, prevented Government counsel from commenting, in his closing argument, on the defendant's prior conviction. Defendant's counsel, in his argument to the jury, accused Government counsel of having asked the defendant, when cross-examining him, whether he had committed a felony to which the defendant answered "yes". Defendant's counsel said, in his argument, "I submit that this was only done to prejudice the jury and not to impeach the defendant." Government counsel, in his closing argument, replied to this accusation by a rather long discussion seeking to explain to the jury why his asking the defendant the question about a prior felony was proper, and was not done to create prejudice against the defendant.

There is no merit in the defendant's claim of improper conduct by the prosecution.

The judgment is affirmed.

HAMLEY, Circuit Judge (concurring):

█ I concur in the result reached in Judge Madden's opinion because in my view, under the circumstances of this case, the evidence pertaining to Burg's criminal record was properly received under either the orthodox rule or the "balancing of factors" rule recently developed in the District of Columbia and Second Circuits. Judge Madden's opinion demonstrates that there was compliance with the orthodox rule. Judge Ely's concurring opinion demonstrates that, under the circumstances of this case, there was also compliance with the "balancing of factors" rule.

I do not fully concur in either opinion since Judge Madden's opinion may be

construed as breathing new life into the orthodox rule and Judge Ely's opinion may be interpreted as foretelling the doom of that rule. I prefer to postpone a reëxamination of the orthodox rule until this is necessary in order to decide the case. In the light of past and recent Ninth Circuit precedent, when the necessity for a reëxamination of the rule arises, it ought to be undertaken by the Court in banc.

ELY, Circuit Judge (concurring):

█ I concur in the result reached in the principal opinion, but I find it unnecessary, presently, to express my fixed determination that we should adhere to the ancient rule. Its validity is now open to serious question, as recognized by responsible authorities who have expressed misgivings about the fairness of its rigid application. In addition to the opinions of the District of Columbia Circuit, discussed by Judge Madden, see United States v. Palumbo, 401 F.2d 270 (2d Cir. 1968); Goddard v. United States, 131 F.2d 220 (5th Cir. 1942); Uniform Rule of Evidence 21; Model Code of Evidence Rule 106; C. McCormick, Evidence § 43, at 94 (1954).

There has been enormous proliferation of proscribed offenses since the early times of Anglo-Saxon law. Business executives, not infrequently in these times, find themselves in technical violation of statutes affecting commercial enterprise. Regrettably, in my view, an unduly harsh federal statute provides that one convicted of crime in the federal courts is a felon if the court might have imposed a sentence of confinement for as long as one year, even if the punishment actually imposed by the trial judge did not exceed the severity of the mildest misdemeanor sentence. See 18 U.S.C. § 1 (1948). Until Congress amends this oppressive statute, the disabilities of felonious conduct will continue to hang around some individuals who do not really deserve the burden. A decent business executive may become a felon because he is responsible for the neglect of his corporation's employees. He may be convicted of driving a vehicle under the influence of liquor, a felony in many jurisdictions. If he is subsequently charged with a crime of an entirely different nature in the federal courts, is it really fair that his prior convictions of offenses of the type I have described should be proved in his cross-examination? I think not. It is fiction, if not hypocrisy, to say, for example, that proof that a man has been convicted of drunk driving "affects his credibility," if he should be on trial for a crime such as the use of the mails to defraud. One might be convicted of a felony for failing to support an undeserving wife. Would proof of this fact "affect his credibility" in a subsequent prosecution for violating the Selective Service Act or the provisions of federal laws regulating the sale of securities? It would not, in my judgment, but it surely might prejudice him in the eyes of a juror who had been aggrieved by a neglectful husband.

I concur in the result because I believe that the district judge in the present case applied his discretion. He carefully considered the request that the prosecution be forbidden to cross-examine the appellant about the prior felony. He denied the request but imposed certain restrictions concerning the extent to which reference to the conviction could be made. It therefore seems to me that the less rigid rule of the District of Columbia and Second Circuits was substantially applied and that Judge Thompson clearly evidenced, as all courts ought to do, his intention not to permit the prosecution unfairly to prejudice the defendant by the injection of irrelevant material. My objection to Judge Madden's view is that it would seem to divest our district judges of a discretionary power which I believe they should properly have and which was conscientiously and fairly exercised in the case at Bar.