**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Curtis Ray MICHAELSON, Defendant-
Appellant.**

**No. 20138.**

United States Court of Appeals,
Ninth Circuit.

Jan. 21, 1972.

Paul A. Sullivan (argued), San Francisco, Cal., for defendant-appellant.

---

2. On appeal appellants also asserted that they were not given sufficient notice of the hearing before the Board of Appeals. In light of our determination in this case, we need not reach the merits of this contention.

Jonathan D. Rapore, Asst. U. S. Atty. (argued), Robert L. Meyer, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before BROWNING and TRASK, Circuit Judges, and TAYLOR*, District Judge.

PER CURIAM:

On this appeal from conviction for bank robbery in violation of 18 U.S.C. §§ 2113(a) and 2113(b), the appellant does not contest the sufficiency of the evidence to support the jury's verdict since seven witnesses testified to the bank robbery and appellant's participation therein.

 He does object to the introduction of evidence indicating that he was in possession of large amounts of money after the date of the robbery. The basis for this objection is that there was not a sufficient showing that he was impecunious prior to the robbery. The prosecution proved that Michaelson had a very limited income prior to the robbery, and the jury was free to disbelieve Michaelson's allegation that he derived substantial income from a business in Mexico which he admitted had no name and kept no records. The foundation evidence was ample. Sidders v. United States, 381 F.2d 513 (9th Cir. 1967). Therefore, the admission of the challenged evidence was well within the rule in this circuit that evidence of sudden affluence is relevant to prove a crime for which pecuniary gain is the motive. Lyda v. United States, 321 F.2d 788 (9th Cir. 1963).

We cannot accept appellant's other contention that it was prejudicial error for the trial judge to require him to admit to previous convictions after defense counsel stipulated that the appellant had in fact been convicted. The Supreme Court and this court have consistently held that when a defendant takes the stand, he may be impeached by evidence of a prior felony conviction.

McGautha v. California, 402 U.S. 183, 215, 91 S.Ct. 1454, 28 L.Ed.2d 711 (1971); Burg v. United States, 406 F.2d 235 (9th Cir. 1969). It was proper to ask the witness if he had previously been convicted of a felony. United States v. Freeman, 412 F.2d 1181 (10th Cir. 1969); Tucker v. United States, 409 F.2d 1291 (5th Cir. 1969).

The judgment is affirmed.

---

* Honorable Fred M. Taylor, United States District Judge for the District of Idaho, sitting by designation.