**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Johnny HILLMAN, Defendant-Appellant.**

No. 71–2752.

United States Court of Appeals, Ninth Circuit.

June 14, 1972.

Burton Marks, Jonathan K. Golden, of Marks, Sherman & Schwartz, Beverly Hills, Cal., for defendant-appellant.

Robert L. Meyer, William D. Keller, U. S. Atty. Eric A. Nobles, John Newman, Jr., Asst. U. S. Attys., Los Angeles, Cal., for plaintiff-appellee.

Before BARNES, WRIGHT and CHOY, Circuit Judges.

PER CURIAM:

Hillman appeals from his conviction on two counts of violating 26 U.S.C. §

4705(a), selling cocaine without obtaining a written order form from the buyer. We affirm.

■ Hillman's first challenge is to the sufficiency of the evidence to support conviction. The transactions took place in July and September 1970. Each involved a routine sale to a federal undercover agent, except that Hillman enlisted accomplices to make the actual transfers. He urges that the evidence showed only that he was at the scene of each occasion, not that he knowingly participated in the sales.

Upon the first occasion in July, Hillman and an unknown female stopped in his automobile at a Los Angeles intersection. The government agent, Barnes, arrived and parked nearby. The female left Hillman's car, approached Barnes, and asked if he had come "from Richard," a government informer. When Barnes answered affirmatively, she entered his vehicle, handed him a paper bag containing several grams of cocaine, and received $725. Barnes asked about future deliveries, and she indicated that ten ounces would be available later that evening and that "Johnny" would communicate with Richard to make arrangements.

During this transaction, Hillman left his vehicle, walked around the parking lot, and kept close watch over the proceedings in Barnes' car. The woman rejoined appellant and they drove away together. The larger sale for that evening did not materialize.

Five weeks later Barnes met Hillman in the pharmacy operated by Richard, the government informer. When Barnes asked about the earlier sale that had not taken place as agreed, Hillman replied that he had been unable to put the deal together. They discussed further sales and Hillman said he could supply another 15 ounces of cocaine.

They tentatively agreed on terms after an argument about payment in advance.

Twice on the following day Hillman and Barnes discussed sale terms, including advance payment. Hillman agreed to produce a sample and Barnes promised payment. Again Hillman appeared at the rendezvous spot with a female companion, in the same automobile. She met with Barnes, produced the drug sample, said that Johnny was in the vicinity, and looked in the direction where Hillman's car was parked. The agents then arrested Hillman and the female.

As the foregoing summary discloses, the evidence amply supports the conviction. On each occasion Hillman masterminded the sale, with the women simply acting as his couriers. This case is factually quite distinct from Orozco-Vasquez v. United States, 344 F.2d 827 (9th Cir. 1965), in which the prosecution's proof established that the defendant had driven a woman to and from an appointment with a narcotics agent, but failed to create any other link between the defendant and the sale.

■ Hillman contends that he did not know of the order form requirement. To show a violation of the statute, 26 U.S.C. § 4705(a), the government must prove only that the defendant knowingly participated in selling cocaine and that he failed to obtain an order form. The prosecution need not demonstrate that at the time of the transaction the defendant knew specifically about the order form requirement or had specific intent to violate the order form statute. This rule applies to sales of products of a noxious character. Congress may require "every person dealing in drugs to ascertain at his peril whether that which he sells comes within the inhibition of the statute * * *" United States v. Balint, 258 U.S. 250, 254, 42 S.Ct. 301, 303, 66 L.Ed. 604 (1922). *Cf.* United States v. Freed, 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971).

Affirmed.