**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Randolph Kealoha HIRAM, aka Randy**
**Hiram, Defendant-Appellant.**

**Nos. 72-1763, 72-1828.**

United States Court of Appeals,
Ninth Circuit.

Jan. 31, 1973.

---

Roger Y. Dewa (argued), Kirimitsu and Dewa, Wahiawa, Hawaii, for defendant-appellant.

Jon T. Miho, Asst. U. S. Atty. (argued), Harold M. Fong, Asst. U. S. Atty., Robert K. Fukuda, U. S. Atty., Honolulu, Hawaii, for plaintiff-appellee.

Before ELY, CHOY, and WALLACE, Circuit Judges.

PER CURIAM:

By a previous Order, the subject appeals have been consolidated. The appeal in No. 72–1763 arises out of Hiram's conviction on the charge of possessing a firearm at a time when he had previously been convicted of a felony. 18 U.S.C. App. § 1202(a). The indictment did not allege, nor did the Government's proof establish, that Hiram's possession of the weapon was connected, in any way, with interstate commerce, and the Government concedes that the judgment of conviction on this charge must be reversed. Pursuant to that concession, and upon the authority of United States v. Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971), that judgment of conviction is vacated. Upon remand, the indictment will be dismissed.

The appeal in No. 72–1828 stems from appellant's conviction on three counts of a five-count indictment charging him with transporting or causing to be transported in interstate commerce

certain traveler's checks bearing forged countersignatures. 18 U.S.C. § 2314. In urging reversal of the judgments of conviction on these charges, Hiram advances four contentions, two of which are related. The first is that the prosecution erred in introducing, on appellant's cross-examination and as impeaching evidence, the fact that Hiram had been previously convicted of felonious offenses. The short answer to this argument is that the defense interposed no objection to the testimony. *See generally* Burg v. United States, 406 F.2d 235 (9th Cir. 1969).

 Hiram also challenges certain of the court's instructions to the jury which, in effect, permitted the jury to infer, from Hiram's possession of the checks, that he knew that the countersignatures were forged. While the instruction in this respect was not technically perfect, *see* United States v. Cummings, 468 F.2d 274 (9th Cir. 1972), the defense interposed no objection to its terminology. Fed.R.Crim.P. 30.

The only other contention worthy of comment is Hiram's argument that he made certain statements without having been adequately warned under the teaching of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and that these statements were, over his objection, erroneously received into evidence to his prejudice. The record clearly establishes that Hiram was not in custody at the time his statements were made. He and the government agent to whom he made the statements had arranged by telephone to meet in a public bar. Hiram went to the place without any compulsion whatsoever and freely and voluntarily engaged in his conversation with the agent. There is no suggestion in the record that he might not have terminated the discourse at any time chosen by him and left the agent's presence without restraint. Thus, the District Court correctly reasoned (1) that no custodial interrogation occurred and (2) that the challenged statements made by Hiram were voluntarily made by him and induced by his

own mistaken conviction that he could exculpate himself by such expressions.

We therefore conclude that the judgments of conviction in the cause numbered 72–1828 in our court and 12–843 in the District Court, must be affirmed.

As previously written in the first paragraph of this opinion, the judgment of conviction numbered 12–876 in the District Court and 72–1763 in this court is reversed with directions.

So ordered.