**UNITED STATES of America,
Appellee,**

v.

**Robert Rivas VILLEGAS, Appellant.**

**No. 73–1574.**

United States Court of Appeals,
Ninth Circuit.

Nov. 9, 1973.

Ronald Le Mieux, Los Angeles, Cal.,
for appellant.

William D. Keller, U. S. Atty., Curtis
B. Rappe, Asst. U. S. Atty., Los Angeles,
Cal., for appellee.

Before CHOY and GOODWIN, Circuit
Judges, and EAST,* District Judge.

ALFRED T. GOODWIN, Circuit
Judge:

Robert Rivas Villegas was convicted
of possession with intent to distribute
and distribution of heroin. In this ap-
peal he asserts that this circuit should
change its rule on proof of prior convic-
tions for impeachment.

▉ Villegas, having been convicted
in California in 1964 of a marijuana
felony, requested a pretrial ruling that
the government could not use evidence
of the prior conviction to impeach him if
he elected to testify in his own case.
The district judge refused the request,
and Villegas elected not to testify. The
ruling was correct.[1]

Academic speculation [2] and occasional
dicta in our decisions [3] have encouraged

* The Honorable William G. East, Senior Unit-
ed States District Judge for the District of
Oregon, sitting by designation.

1. United States v. Stroud, 474 F.2d 737 (9th
Cir. 1973) ; United States v. Hiram, 473 F.
2d 670 (9th Cir. 1973) ; United States v.
Valle-Rojas, 469 F.2d 79 (9th Cir. 1972) ;
United States v. White, 463 F.2d 18 (9th
Cir. 1972).

2. *E. g.,* McCormick, Evidence § 43, at 84 (2d
ed. 1972).

3. *See, e. g.,* United States v. Walling, 486 F.
2d 229, 237, 238 (9th Cir. 1973) ; Burg
v. United States, 406 F.2d 235, 238 (9th Cir.
1969) (Ely, J., concurring).

defendants to renew the debate which had been stimulated by the brief reign in the District of Columbia Circuit of the so-called *Luck* rule.

In Luck v. United States, 121 U.S. App.D.C. 151, 348 F.2d 763 (1965), the court held that not every prior conviction could be used by the prosecution to impeach a witness, but only proof of such felonies as the court, in its discretion, might find relevant on the question of credibility, after balancing a number of factors that could be expected to vary from case to case. The *Luck* rule, with its resultant mini-trials on collateral matters, did not commend itself to the other circuits, and was abandoned in the District of Columbia after Section 14–305 of the D.C. Code was amended to provide that proof of any prior felony conviction must be received if offered for impeachment.[4]

 This is not to say that some version of the *Luck* rule should never be read into the rules of evidence for use in this circuit.[5] That question is not before us. This court could consider it only by sitting en banc. *See* concurring opinion of Judge Hamley in Burg v. United States, 406 F.2d 235, 238 (9th Cir. 1965).

To date, this court has shown no disposition to abandon its long-standing rule that proof of any prior felony conviction may be given by the adversary to impeach any witness, including a defendant who elects to testify in a criminal trial. The list of cases cited recently in United States v. Walling, 486 F.2d 229 (9th Cir. 1973), contains none in which a majority of any panel believed the time had come to initiate a new approach. Our cases in the future may have to be read in light of new Federal Rules of Evidence, which if adopted, will presumably tend to discourage local variations.

As noted in United States v. Walling, *supra*, some district courts may, from time to time, experiment with local versions of the *Luck* rule. But the government cannot appeal those rulings, and they remain uncontested. The point of our prior decisions is that in this circuit reversible error cannot be predicated upon a refusal to follow the *Luck* rule.

Other issues tendered in the briefs do not warrant discussion.

Affirmed.

---

4. *See* Taylor v. United States, 280 A.2d 79, 81 (D.C.App. 1971).

5. Proposed Federal Rules of Evidence 609(a) General Rule.
"For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime is admissible but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted or (2) involved dishonesty or false statement regardless of the punishment * * *."