UNITED STATES of America,
Appellee,

v.

Donald Ray DAVIS, Appellant.

No. 73-3203.

United States Court of Appeals,
Ninth Circuit.

July 17, 1974.

James L. Varnell (argued), Des Moines, Wash., for appellant.

J. Ronald Sim, Asst. U. S. Atty. (argued), Seattle, Wash., for appellee.

Before MERRILL and WALLACE, Circuit Judges, and SKOPIL,* District Judge.

* The Honorable Otto R. Skopil, Jr., United States District Judge for the District of Oregon, sitting by designation.

## OPINION

PER CURIAM:

Donald Ray Davis appeals a conviction of knowingly distributing and possessing with the intent to distribute mushroom pieces containing lysergic acid diethylamide (LSD) in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and 18 U.S.C. § 2.

Davis' first contention is that the trial court erred in denying Davis' motion to suppress the use of a prior state court conviction for a similar offense. On July 12, 1973, Davis was convicted in King County Superior Court for the State of Washington. The charge was for possession of cocaine. On September 12, 1973, the morning of trial in this case, counsel for Davis apprised the court of Davis' intention to testify. Davis requested that the United States not be allowed to impeach his testimony by the prior state conviction. The court denied Davis' motion.

■■■ Davis claims that the trial judge, in refusing to suppress the prior conviction, failed to properly exercise his discretion under the *Luck* rule. *Luck v. United States*, 121 U.S.App.D.C. 151, 348 F.2d 763 (1965). The *Luck* doctrine is not the rule in this circuit. In *United States v. Villegas*, 487 F.2d 882, 883 (9th Cir. 1973), we stated that "[t]he point of our prior decisions is that in this circuit reversible error cannot be predicated upon a refusal to follow the *Luck* rule." However, proof of prior convictions for impeachment may be excluded if the trial judge, in the exercise of his discretion, concludes that it lacks sufficient probative value because of the remoteness in time of the convictions. *United States v. Hatcher*, 496 F.2d 529 (9th Cir. 1974); *United States v. Allison*, 414 F.2d 407, 412 (9th Cir. 1969); *Singleton v. United States*, 381 F.2d 1, 4 (9th Cir. 1967). The trial judge in this instance concluded that the prior conviction was not too old to be relevant to the issue of credibility. The conviction was a very recent one. The trial judge did not abuse his discretion.

Davis' second contention is that the trial court erred by instructing the jury that psilocybin was a controlled substance and that the first element of the offenses would be satisfied by a finding that the substance involved was psilocybin.

All three counts alleged that the controlled substance involved was LSD. The chemist testified that the substance found in the mushrooms was LSD. In closing argument, Davis' counsel and the government each acknowledged that the substance was LSD. The government stated that "the evidence in this case clearly shows that material distributed, in fact, was LSD. There is no question there." Counsel for Davis said, "On behalf of Mr. Davis, of course, we acknowledge, of course, that the substance was LSD."

■ The court instructed that the essential elements of the offenses charged in Counts I and II were (1) that the substance involved is a controlled substance, (2) that the defendants distributed a controlled substance, and (3) that the defendants did so knowingly and intentionally, and that Count III contained the additional element that the defendants' possession was with the intent to distribute. The court then instructed that LSD and psilocybin are controlled substances and a finding that the substance was either LSD or psilocybin would be enough to satisfy the first element of the offenses. This was error. The Indictment specified that the substance involved was LSD. Davis could be convicted only upon a finding that it was LSD.

Viewing the record, it is clear that the jury was not confused by the instruction. The evidence was that the mushrooms contained LSD. Both the government and Davis conceded that the substance involved was LSD. Psilocybin was interjected only in the context of Davis' knowledge as to what he was selling. The error was harmless.

■■ Davis' final contention is that the trial court erred in instructing the

jury as to the word "knowingly" and in refusing to give defendant's requested instruction. The defendant requested an instruction which stated in part: "The word 'knowingly' as used in the Indictment means that the act was done with full knowledge on the part of each defendant that the substance delivered and possessed was lysergic acid diethylamide (LSD)." This is not a correct statement of the law. 21 U.S.C. § 841 describes a general-intent offense. The government is not required to prove that the defendant actually knew the exact nature of the substance with which he was dealing. United States v. Balint, 258 U.S. 250, 254, 42 S.Ct. 301, 66 L.Ed. 604 (1922); United States v. Hillman, 461 F.2d 1081, 1082 (9th Cir. 1972). The trial court's instruction was proper.

Affirmed.