**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Kevin KUEMMERLIN, Defendant—
Appellant.**

No. 02–16597.

D.C. No. CV–98–00206–HDM.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 15, 2003.*

Decided Aug. 22, 2003.

Daniel Bogden, United States Attorney, Las Vegas, NV, for Plaintiff–Appellee.

John G. Watkins, Las Vegas, NV, for Defendant–Appellant.

Before REINHARDT and GRABER, Circuit Judges, and RHOADES, District Judge.**

MEMORANDUM***

Defendant Kevin Kuemmerlin appeals his conviction after a bench trial before a magistrate judge for violation of 36 C.F.R. §§ 4.23(a)(1) (operating and in actual physical control of a motor vehicle under the influence of alcohol) and 4.22(b)(1) (unsafe operation).

1. Defendant seeks to have his conviction reversed because the probable cause affidavit was attached to the criminal complaint. Pursuant to Federal Rule of Criminal Procedure 4(a), "[i]f the complaint or one or more affidavits filed with the complaint establish probable cause to believe

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable John S. Rhoades, District Court Judge for the Southern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

that an offense has been committed and that the defendant committed it, the judge must issue an arrest warrant...." Defendant has failed to demonstrate that his constitutional rights were violated simply because the affidavit in this case was attached to, rather than simply "filed with," the complaint.

Defendant's reliance on *United States v. Van Griffin*, 874 F.2d 634 (9th Cir.1989) is unavailing. In *Van Griffin*, the defendant was charged with driving under the influence of alcohol in a federal park, in violation of 36 C.F.R. § 4.6. The defendant, who had waived his right to a jury trial, moved to disqualify the magistrate judge because during the trial the magistrate judge had in his possession the report of the arresting officer, who was the principal witness against the defendant. Although we concluded that a reasonable person could doubt the magistrate judge's impartiality in light of his receipt and retention of the report, we also concluded that the magistrate judge's failure to recuse himself constituted harmless error.

Here, the procedural posture of the case is different. Defendant does not challenge the magistrate judge's impartiality, nor could he, because the magistrate judge would have had access to the affidavit whether it was attached to or filed with the criminal complaint. Moreover, the magistrate judge stated on the record that his decision would be based strictly on the evidence presented at trial and not on anything in the affidavit, and we have no reason to presume otherwise. *See Singleton v. United States*, 381 F.2d 1, 4 (9th Cir.1967) ("In the light of the whole record and the fact that the trial was without jury, we will not presume that the district judge, in reaching his ultimate judgment, was influenced by improper considerations.").

2. Defendant also challenges the sufficiency of the government's evidence. Having reviewed the evidence presented to the magistrate judge in the light most favorable to the government, we conclude that the magistrate judge reasonably could have found each essential element of the charges beyond a reasonable doubt. *See United States v. Hernandez*, 876 F.2d 774, 777 (9th Cir.1989).

AFFIRMED.